UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIRK WILLIAMS, | CASE NO. C17-0092-JCC |
| Plaintiff, | ORDER |
| v. | |
| CYNTHIA SAMPSON and SHORELINE POLICE DEPARTMENT, | |
| Defendants. | |

This matter comes before the Court on Defendants' motion to quash subpoena (Dkt. No. 10) and motion to stay discovery (Dkt. No. 24). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions for the reasons explained herein.

## I. BACKGROUND

Plaintiff Kirk Williams alleges that Defendant King County Detective Cynthia Sampson forced him to provide a DNA sample pursuant to a court order that she altered. (Dkt. No. 4 at 2.) Williams argues that this violated the Fourth Amendment; the Fourteenth Amendment; article I, section 7 of the Washington Constitution; and Washington Criminal Rule 4.7. (*Id.* at 1.)

On January 31, 2017, Defendants moved to dismiss on the grounds of statute of limitations and improper service. (Dkt. No. 5.) Defendants further moved for summary

judgment, arguing that Williams's claims are barred by *Heck v. Humphrey*[1]; that Defendant Shoreline Police Department is an entity incapable of suit; and that qualified immunity applies. (Dkt. No. 11.)

On February 13, 2017, Williams subpoenaed King County Superior Court Judge Sharon Armstrong for documents relating to "the written request to change the order date of motion for DNA testing who changed the date and I would also want to know was Hon. Sharon Armstrong the neutral and detached magistrate judge." (Dkt. No. 7 at 2.) On March 17, 2017, Williams moved to compel discovery. (Dkt. No. 22.) Williams has not served Defendants with any discovery requests thus far. (Dkt. No. 24 at 2.)

Defendants now seek to quash the subpoena and to stay discovery pending the outcome of the dispositive motions. (Dkt. Nos. 10, 24.)

## II. DISCUSSION

### A. Motion to Quash

Defendants argue that the subpoena should be quashed because (1) it does not comport with the requirements of Fed. R. Civ. P. 45 and (2) it is not the proper method by which to request discovery from an opposing party. (Dkt. No. 10 at 1.)

As for Rule 45's requirements, Defendants note that the subpoena fails to "set out the text of Rule 45(d) and (e)" as required by Rule 45(a)(1)(A)(iv) and does not allow a "reasonable time to comply" as required by Rule 45(d)(3)(A)(i). (Dkt. No. 10 at 2-3.) Williams responds that these are mere technicalities that he can remedy. (Dkt. No. 17 at 2.) He submitted an amended subpoena along with his response. (*Id.* at 4-11.)

Regardless of whether Williams cured the defects in his subpoena, it would still be inappropriate to issue it. First, Williams has not served Defendants with any discovery requests, which would be the appropriate way to obtain this information. *See generally* Fed. R. Civ. P. 26; Fed. R. Civ. P. 34. Moreover, Defendants indicate that they have produced the information

---

[1] 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

1 | Williams sought, thus mooting his request. (Dkt. No. 20 at 1-2.)

The motion to quash (Dkt. No. 10) is GRANTED.

### B. Motion to Stay

Defendants ask the Court to stay discovery until it has resolved the pending motion to dismiss (Dkt. No. 5) and motion for summary judgment (Dkt. No. 11). (Dkt. No. 24 at 1.) Defendants argue that the issues of jurisdiction and immunity raised in their dispositive motions warrant a stay. (Dkt. No. 24 at 3) (citing *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery. Common examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues.")).

Williams did not respond to Defendants' motion to stay. The Court considers this "as an admission that the motion has merit." W.D. Wash. Local Civ. R. 7(b)(2).

Given the early stage of this case, the nature of the arguments raised in the dispositive motions, and the fact that the dispositive motions have already noted (meaning there will be a relatively short period of time until the Court rules on them), the Court determines it appropriate to stay discovery until those motions have been resolved.

The motion to stay (Dkt. No. 24) is GRANTED.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to quash subpoena (Dkt. No. 10) and motion to stay discovery (Dkt. No. 24). Williams's motions to compel (Dkt. Nos. 22, 27) are hereby STAYED pending the Court's resolution of Defendants' dispositive motions (Dkt. Nos. 5, 11). The Clerk is DIRECTED to send a copy of this order to Williams.

//

//

//

//

ORDER
PAGE - 3

1     DATED this 11th day of April, 2017.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4