THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIRK WILLIAMS,

        Plaintiff,

    v.

CYNTHIA SAMPSON and
SHORELINE POLICE
DEPARTMENT,

        Defendants.

CASE NO. C17-0092-JCC

ORDER OF DISMISSAL

    This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 5). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.    BACKGROUND

    Plaintiff Kirk Williams initiated this suit on November 21, 2016. (Dkt. No. 4 at 1.) He alleges that Defendant King County Detective Cynthia Sampson forced him to provide a DNA sample pursuant to a court order that she altered. (Dkt. No. 4 at 2.) Williams further alleges that this illegally obtained DNA was used as evidence against him in the criminal proceeding for which he is currently serving his prison term. (*Id.*) Although Williams does not indicate when the DNA was collected, the order was signed and filed on August 13, 2010. (Dkt. No. 6 at 5.) Williams was sentenced on August 12, 2011. (*Id.* at 47.)

1 Williams argues that by virtue of this improper DNA collection, he suffered a violation of his rights under the Fourth Amendment; the Fourteenth Amendment; article I, section 7 of the Washington Constitution; and Washington Criminal Rule 4.7. (Dkt. No. 4 at 1.)

Defendants now move to dismiss on the grounds of statute of limitations and improper service. (Dkt. No. 5.)

## II. DISCUSSION

### A. Rule 12(b)(6) Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Although the Court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (internal quotes omitted). "Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotes omitted).

### B. Analysis

For claims under 42 U.S.C. § 1983, the Court applies the forum state's statute of limitations for personal injury actions. *See Wilson v. Garcia*, 471 US 261, 280 (1985). Here, the statute of limitations is three years. *See* Wash. Rev. Code § 4.16.080(2). Federal law governs when the statute of limitations begins to run in a § 1983 action. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir. 1998). For violations of the Fourth Amendment, the cause of action accrues on the date of the illegal search and seizure. *See Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983). Under Wash. Rev. Code § 4.16.190(1), however, the statute of limitations is tolled when a person is "imprisoned on a criminal charge prior to sentencing."

The conduct Williams challenges occurred in August 2010. Thus, per the three-year statute of limitations, Williams' deadline to file this suit was in August 2013. Even if the Court applied the tolling provision under § 4.16.190, Williams was sentenced in August 2011, meaning

his deadline to file suit was August 2014. Williams did not initiate this suit until November 2016, over two years later.

Williams maintains that he did file within the limitations period, citing to a case before Judge Zilly that Williams initiated in March 2014. (Dkt. No. 8 at 4); *see also Williams v. Sampson, et al.*, C14-0052-TSZ (W.D. Wash. 2014). But that case was dismissed in May 2014 for failure to state a claim. *Williams*, C14-0052-TSZ (Dkt. No. 13 at 1). Although the suit was dismissed without prejudice, the statute of limitations still applied. To make a timely claim for relief, Williams was required to refile by that August, which he did not do.

Williams also argues that he is entitled to equitable tolling of the statute of limitations. (Dkt. No. 8 at 5.) The statute of limitations may be equitably tolled if a litigant shows that "despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). Under this doctrine, "the plaintiff is assumed to know that he has been injured, so that the statute of limitations has begun to run; but he cannot obtain information necessary to decide whether the injury is due to wrongdoing and, if so, wrongdoing by the defendant." *Id.*

Williams makes only an unsupported allegation that he "exercised due diligence to obtain information necessary to decide that the injury was a . . . violation" and that Defendants "would not grant me any vital information for my lawsuit." (Dkt. No. 8 at 5.) But this allegation is contradicted by the complaint Williams filed in the Judge Zilly case, which alleged the same—if not more—facts as to the challenged conduct. In other words, within the limitations period, Williams had sufficient information to determine that his injury was caused by Defendants' alleged wrongdoing. Equitable tolling does not apply.

Because Williams's claims are barred by the statute of limitations, the Court need not address Defendants' arguments as to service of process.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss (Dkt. No.

5). All claims in this case are time-barred and thus DISMISSED with prejudice. Given this outcome, the Court need not address any other pending motions. The Clerk is DIRECTED to close this case and to send a copy of this order to Williams.

DATED this 18th day of April, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE